# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA

GOSHAWK DEDICATED Ltd., et al,    )
        )
        Plaintiffs,    )
        )
    vs.    )    No. 1:05-CV-2343-RWS
        )
AMERICAN VIATICAL SERVICES,    )
LLC, a Georgia Corporation,    )
        )
        Defendant.    )

## PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF DOCUMENTS FROM NON-PARTY LIFE SETTLEMENT CORPORATION D/B/A PEACHTREE LIFE SETTLEMENTS

Pursuant to Federal Rules of Civil Procedure 37 and 45, Plaintiffs Goshawk Dedicated Ltd. and Kite Dedicated Ltd. ("Plaintiffs") hereby file their Motion to Compel Non-Party Peachtree Life Settlement Corporation d/b/a Peachtree Life Settlements ("Peachtree") to produce the documents requested in Plaintiffs' Subpoena for Production of Documents (the "Subpoena").

As explained in Plaintiffs' brief, the documents Plaintiffs have requested in the Subpoena are highly relevant to this matter and are likely to lead to the discovery of admissible evidence. Nevertheless, Peachtree has refused to produce any of the requested documents based upon meritless objections. On August 29, 2007, counsel for Plaintiffs and Peachtree conferred by telephone in a good faith

effort to resolve the instant dispute.  As no agreement could be reached, Plaintiffs have filed this motion to compel.

Set forth verbatim below are the 24 categories of documents requested by the Subpoena and Peachtree's objections to each category.

## Request No. 1

All Documents and ESI concerning Communications with AVS with regard to LE Evaluation, including without limitation Documents and ESI concerning processes methodologies, practices, systems, tools (*e.g.* manuals, tables, models), and confidence levels and including without limitation the manner in which LEs (preliminary, final or revised) would be provided by AVS.

## Peachtree's Response to Request No. 1

Subject to and without waiver of its General Objections, LSC further objects to this category of documents and ESI as overbroad, vague, unduly burdensome, and not reasonably calculated to lead to admissible evidence.  As phrased, Plaintiffs seek all communications with AVS "with regard to LE Evaluation."  The term "LE Evaluation," itself, is defined as "the process by which a life expectancy ("LE") date for individuals is developed by AVS <u>or other entity</u>."  (Emphasis added.)  Accordingly, as phrased, this request seeks documents and ESI relating to communications with AVS regarding life expectancies developed by other entities.

The request also seeks communications relating to transactions to which Goshawk is not a party nor otherwise involved. Given the overbroad and vague definitions, LSC should not be required to attempt to discern what Plaintiffs are seeking at their own peril.

**Request No. 2**

All Documents and ESI concerning Communications with AVS with regard to Mortality Experience in respect of LEs developed by AVS or another LE Evaluator.

**Peachtree's Response to Request No. 2**

Subject to and without waiver of its General Objections, LSC further objects to this category of documents and ESI as overbroad, vague, unduly burdensome, and not reasonably calculated to lead to admissible evidence. Among other things, Plaintiffs do not specify or otherwise identify in any meaningful way the individual(s) or entity(ies) for which "Mortality Experience" they seek production. By way of example, as phrased, this category of documents could be construed to require production of not only any communications between LSC and AVS with respect of any LE Evaluators' "Mortality Experience," but also all documents that may have been mentioned or even considered by LSC in connection with its communications with AVS, whether or not those documents were ever shared with

AVS.  The request also seeks communications relating to transactions to which

Goshawk is not a party or in which Goshawk is not involved.  LSC should not be

required to proceed at its peril in trying to understand the scope of the production

sought by the Subpoena.

## Request No. 3

All Documents and ESI concerning mortality reports, mortality profiles or

LE Evaluations or projections that AVS made, or AVS was requested to make, on

life insureds whose life insurance policies had been or were subsequently

purchased or originated by LSC/Peachtree for onward transfer of those life

insurance policies and/or any interest therein to LRT.

## Peachtree's Response to Request No. 3

Subject to and without waiver of its General Objections, LSC further objects

to this category of documents and ESI on grounds that the category is overbroad,

unduly vague, unduly burdensome, and not reasonably calculated to lead to

admissible evidence.  By way of example, as phrased, the Subpoena would require

all documents and ESI concerning "mortality reports, mortality profiles or LE

Evaluations or projections" whether or not actually made by AVS, so long as AVS

merely "was requested to make" such evaluation.  This potentially would require

LSC to make a wholesale production of LE Evaluations that may have been

provided by LE Evaluators, as the term is defined in the Subpoena, completely independent, separate and distinct from AVS, if LSC at any time requested AVS to make such evaluation in connection therewith.

## Request No. 4

All Documents and ESI concerning mortality reports, mortality profiles or LE Evaluations or projections that AVS made, or AVS was requested to make, on life insureds whose life insurance policies and/or any interest therein that LSC/Peachtree considered for onward transfer to LRT.

## Peachtree's Response to Request No. 4

Subject to and without waiver of its General Objections, LSC further objects to this category of documents and ESI on grounds that the category is overbroad, unduly vague, unduly burdensome, and not reasonably calculated to lead to admissible evidence. By way of example, as phrased, the Subpoena would require all documents and ESI concerning "mortality reports, mortality profiles or LE Evaluations or projections" whether or not actually made by AVS, so long as AVS merely "was requested to make" such evaluation. This potentially would require LSC to make a whole production of LE Evaluations that may have been provided by LE Evaluators, as the term is defined in the Subpoena, completely separate and

distinct from AVS, if LSC at any time requested AVS to make such evaluation in connection therewith.

## Request No. 5

All Documents and ESI concerning Communications with AVS with regard to any of the individuals listed on Appendix A hereto, including without limitation Communications with regard to the LE of those individuals, or with regard to the transfer, or possible transfer, to LRT of life policies (and/or any interest therein) on which any of those individuals was an insured life.

## Peachtree's Response to Request No. 5

Subject to and without waiver of its General Objections, LSC further objects to this category of documents and ESI on grounds that the category is overbroad, unduly vague, unduly burdensome, and not reasonably calculated to lead to admissible evidence. As phrased, Plaintiffs expressly seek communications between AVS and LSC regarding approximately 146 life insureds without regard to, or limitation of, the specific subject matter of the communication that is sought by discovery.

**Request No. 6**

All documents and ESI concerning the individuals listed on Appendix A hereto, including but not limited to documents relating to the purchase of the life policies of those individuals, any medical records or life evaluations of those individuals and/or Communications with their physicians or other providers of medical services.

**Peachtree's Response to Request No. 6**

Subject to and without waiver of its General Objections, LSC further objects to this category of documents and ESI on grounds that the category is overbroad, unduly vague, unduly burdensome, and not reasonably calculated to lead to admissible evidence. This category is particularly vexatious and harassing. As phrased, by this category, Plaintiffs seek a fishing expedition into every single document and ESI that in any way relate, refer, describe in any way any of the 146 named life insured referenced on Appendix A to the Subpoena. Such category is in clear and total disregard for the limitations imposed by Rule 45(c)(1).

AO 1755333.1

**Request No. 7**

All invoices or billings issued by AVS in connection with LE Evaluations, and all documents and ESI concerning such invoices, billings or payment of same or concerning LEs referred to in such invoices and billings.

**Peachtree's Response to Request No. 7**

Subject to and without waiver of its General Objections, LSC further objects to this category of documents and ESI on grounds that the category is overbroad, unduly vague, unduly burdensome, and not reasonably calculated to lead to admissible evidence. The billings and invoices themselves or even communications between AVS and LSC, if relevant, may be obtained by Plaintiffs from AVS and, accordingly, LSC further objects to this category as duplicative and harassing. Moreover, Plaintiffs make no attempt to limit the scope of the Subpoena to documents or ESI relevant to any issues in the action. As phrased, this category not only includes all invoices and billings issued by AVS, but also would require production of all internal documents and ESI relating to all invoices or billings, including even ministerial or clerical documents relating to issuance of payment.

AO 1755333.1

**Request No. 8**

All contracts and agreements (including drafts) between AVS and LSC/Peachtree and all documents and ESI concerning Communications with AVS regarding any such contracts and agreements.

**Peachtree's Response to Request No. 8**

Subject to and without waiver of its General Objections, LSC further objects to this category of documents and ESI on grounds that the category is overbroad, unduly vague, unduly burdensome, and not reasonably calculated to lead to admissible evidence. The contracts and agreements between AVS and LSC, if relevant, may be obtained by Plaintiffs from AVS and, accordingly, LSC further objects to this category as duplicative and harassing. As phrased, this category would require production of, among other things, LSC's own internal documents and ESI relating to communications with AVS without limitation to any particular subject matter and would include, by way of example, any e-mails relating to the time for scheduling a call with a representative of AVS. Again, Rule 45(c)(1) does not allow parties to misuse their subpoena power in such a fishing expedition.

AO 1755333.1

## Request No. 9

All Documents and ESI concerning Communications with rating agencies or with entities that provided, or considered providing financial backing (equity, debt or guaranty) for LSC/Peachtree's purchase or origination of life policies insofar as such Communications were concerning i) AVS in any respect, or ii) LE evaluation generally.

## Peachtree's Response to Request No. 9

Subject to and without waiver of its General Objections, LSC further objects to this category of documents and ESI on grounds that the category is overbroad, unduly vague, unduly burdensome, and not reasonably calculated to lead to admissible evidence. Again, Plaintiffs refuse to limit the scope of the Subpoena in any meaningful or reasonable way. As phrased, Plaintiffs seek, among other things, production of documents and ESI reflecting or referring to communications with rating agencies or actual or potential financial backers that themselves refer, relate, describe, evidence LE evaluation generally. This category is potentially limitless and again beyond what is permitted by Rule 45.

**Request No. 10**

All Documents and ESI concerning Communications with LRT, Babcock & Brown, Allied Irish Bank of Dublin, Abbey National Bank, IIU, Davy or any other entity with regard to AVS and its methodologies.

**Peachtree's Response to Request No. 10**

Subject to and without waiver of its General Objections, LSC further objects to this category of documents and ESI on grounds that the category is overbroad, unduly vague, unduly burdensome, and not reasonably calculated to lead to admissible evidence. As phrased, this category seeks not only production of documents and ESI concerning communications with six (6) specified named entities regarding AVS and its methodologies, but also seeks production of documents and ESI reflecting communications with any entity whatsoever, including ostensibly Plaintiffs, regarding AVS and its methodologies. To the extent that Plaintiffs seek communications to which they themselves were parties, this category is duplicative and harassing.

**Request No. 11**

All Documents and ESI concerning Communications with LRT, Babcock & Brown, Allied Irish Bank of Dublin, Abbey National Bank, IIU, Davy or any other

entity concerning Mortality Experience with respect to LE Evaluations performed by AVS or other LE Evaluators.

**Peachtree's Response to Request No. 11**

Subject to and without waiver of its General Objections, LSC further objects to this category of documents and ESI on grounds that the category is overbroad, unduly vague, unduly burdensome, and not reasonably calculated to lead to admissible evidence. Again, because Plaintiffs refuse to limit the scope of the Subpoena in any meaningful way, this category, as phrased, would require production of documents and ESI concerning communications with six (6) named entities, as well as any other entity, regarding Mortality Experience with respect to LE Evaluations whether or not performed by AVS.

**Request No. 12**

All documents and ESI concerning Communications with Lloyd's of London (including Lloyd's Syndicate 102), Merlin Underwriting Agency, Ltd., Goshawk Syndicate Management Limited, or Gammell Kershaw & Company Ltd. relating to AVS, LE Evaluations, the CCI or the LEs generally.

## Peachtree's Response to Request No. 12

Subject to and without waiver of its General Objections, LSC further objects to this category of documents and ESI on grounds that the category is overbroad, unduly vague, unduly burdensome, and not reasonably calculated to lead to admissible evidence. As phrased, this category includes documents and ESI reflecting or relating to communications with four (4) different named entities regarding topics including LE Evaluations, CCI and LEs generally, without any reasonable nexus to AVS or the subject matter of this action.

## Request No. 13

All documents and ESI concerning Communications with Portsmouth, Life Benefactors, Hoyle Donnelly, or Larry Simon relating to the LEs generally, or the methodologies of AVS.

## Peachtree's Response to Request No. 13

Subject to and without waiver of its General Objections, LSC further objects to this category of documents and ESI on grounds that the category is overbroad, unduly vague, unduly burdensome, and not reasonably calculated to lead to admissible evidence. Again, Plaintiffs seek production of documents and ESI concerning communications with four (4) separate entities without limitation to

13

issues in this action. As phrased, this category includes documents and ESI relating to LEs generally without regard to whether AVS was involved in the valuation of same.

## Request No. 14

All documents and ESI concerning Communications with any investor, prospective investor, investor representative, investment advisor, investment vehicle, broker, originator, servicer, trustee or agent relating to AVS, its LEs, its methodologies, or its Mortality Experience, or relating to LE evaluations generally.

## Peachtree's Response to Request No. 14

Subject to and without waiver of its General Objections, LSC further objects to this category of documents and ESI on grounds that the category is overbroad, unduly vague, unduly burdensome, and not reasonably calculated to lead to admissible evidence. As phrased, this category includes documents and ESI relating to LE Evaluations generally without regard to whether AVS even was involved in the valuation of same.

## Request No. 15

All Documents and ESI concerning Communications with AVS with regard to remuneration or other benefits paid or to be paid to AVS in connection with

AVS's preparation of LEs, including fees payable in respect of life policies purchased and not purchased by LSC/Peachtree, or fees payable for any other service.

**Peachtree's Response to Request No. 15**

Subject to and without waiver of its General Objections, LSC further objects to this category of documents and ESI on grounds that the category is overbroad, unduly vague, unduly burdensome, and not reasonably calculated to lead to admissible evidence. As phrased, this category would require, among other things, production of LSC's own internal ministerial or clerical documents and ESI regarding payments to AVS for which there is no legitimate basis.

**Request No. 16**

All documents and ESI concerning LSC/Peachtree's selection, hiring, and/or use of AVS to perform Life Evaluations, including LE evaluator criteria or methods, as well as compensation structure and any incentive targets or goals.

**Peachtree's Response to Request No. 16**

Subject to and without waiver of its General Objections, LSC further objects to this category of documents and ESI on grounds that the category is overbroad, unduly vague, unduly burdensome, and not reasonably calculated to lead to

15

admissible evidence. As phrased, this category would include LSC's internal ministerial or clerical documents and ESI relating to LSC's selection, hiring or use of AVS to perform life evaluations. Moreover, LSC specifically objects to this category as duplicative and harassing. This exact category was the subject of Request No. 8 of the subpoena served in the above-referenced LRT Arbitration.

## Request No. 17

All documents and ESI concerning Communications with AVS, Navisys Guiding Insurance Solutions, International Underwriting Services, or any other third-party consulting physician or group of consulting physicians, relating to the CCI, including but not limited to payment records for services performed by AVS or others for LE evaluations.

## Peachtree's Response to Request No. 17

Subject to and without waiver of its General Objections, LSC further objects to this category of documents and ESI on grounds that the category is overbroad, unduly vague, unduly burdensome, and not reasonably calculated to lead to admissible evidence. As phrased, this category purports to include documents and ESI concerning communications with three (3) named entities, and unidentified third parties, concerning not only the five (5) specific CCI policies identified in the

definition of "CCI" but also "the concept for such insurance." Additionally, LSC objects to this category as duplicative and harassing. This category is substantially identical to Request No. 9 of the subpoena served in the above-referenced LRT Arbitration.

**Request No. 18**

All documents and ESI concerning the policies or practices of LSC/Peachtree for the preservation and/or destruction of records.

**Peachtree's Response to Request No. 18**

Subject to and without waiver of its General Objections, LSC specifically objects to this category as duplicative and harassing. This exact category was the subject of Request No. 13 of the subpoena served in the above-referenced LRT Arbitration. Plaintiffs' successive, identical requests for documents as harassing and appear calculated only to harass and otherwise burden LSC, a non-party.

**Request No. 19**

All documents and ESI concerning the methodologies and/or factors that LSC/Peachtree used to calculate the purchase price for life policies.

## Peachtree's Response to Request No. 19

Subject to and without waiver of its General Objections, LSC further objects to this category of documents and ESI on grounds that the category is overbroad, unduly vague, unduly burdensome, and not reasonably calculated to lead to admissible evidence. LSC's calculation of the purchase price for life insurance policies acquired is not at issue in this action.

## Request No. 20

All documents and ESI concerning Communications with Phil Loy, AVS, AVS's counsel or other representatives, including but not limited to all Communications between representatives or counsel of LSC/Peachtree and representatives or counsel of AVS, regarding this litigation or regarding the arbitrations pending between LRT and Syndicate 102.

## Peachtree's Response to Request No. 20

Subject to and without waiver of its General Objections, LSC further objects to this category of documents and ESI on grounds that the category is overbroad, unduly vague, unduly burdensome, and not reasonably calculated to lead to admissible evidence. LSC further objects to the extent that this category includes expressly documents and ESI protected as attorney-client communications,

AO 1755333.1

attorney work product or are otherwise immune from discovery under a joint defense or common interest privilege. Moreover, LSC objects to this category on grounds that to the extent that this information is discoverable at all it may be obtained through AVS, a party to this action, and thus, this category is duplicative and harassing.

## Request No. 21

All documents and ESI concerning Communications with LRT, LRT's counsel Seward & Kissel or other representatives, including but not limited to all Communications between representatives or counsel for LSC/Peachtree and representatives or counsel for LRT regarding this litigation.

## Peachtree's Response to Request No. 21

Subject to and without waiver of its General Objections, LSC further objects to this category of documents and ESI on grounds that the category is overbroad, unduly vague, unduly burdensome, and not reasonably calculated to lead to admissible evidence. LSC further objects to the extent that this category includes expressly documents and ESI protected as attorney-client communications, attorney work product or are otherwise immune from discovery under a joint defense or common interest privilege. Moreover, LSC objects to this category on

grounds that to the extent that this information is discoverable at all it may be obtained through LRT, a party to a separate arbitration, and thus, this category is duplicative and harassing.

## Request No. 22

All LSC/Peachtree brochures, organizational charts, and all business cards (including but not limited to Craig M. Lessner, Jeffrey K. Nipp, Sergio Salani, Lori Wengatz, James Terlizzi, and Timothy Trankina) over the relevant period.

## Peachtree's Response to Request No. 22

Subject to and without waiver of its General Objections, LSC specifically objects to this category as duplicative and harassing. This exact category was the subject of Request No. 23 of the subpoena serve din the above-referenced LRT Arbitration. Plaintiffs' successive, identical requests for documents are harassing and appears calculated only to harass and otherwise burden LSC, a non-party.

## Request No. 23

All documents and ESI concerning Communications with consultants regarding the Mortality Experience of AVS, life expectancy evaluations prepared by AVS, or life expectancy methodology used by AVS, or regarding eligibility certifications delivered to the Trustee relating to life insurance policies.

## Peachtree's Response to Request No. 23

Subject to and without waiver of its General Objections, LSC further objects to this category of documents and ESI on grounds that the category is overbroad, unduly vague, unduly burdensome, and not reasonably calculated to lead to admissible evidence. Among other things, Plaintiffs do not define in any way the word "consultants" as used in this category. Moreover, LSC specifically objects to this category as duplicative and harassing. This exact category was the subject of Request No. 8 of the subpoena served in the above-referenced LRT Arbitration.

## Request No. 24

All documents and ESI concerning Dr. Carl Neuman, including but not limited to (i) Dr. Neuman's employment history with LSC/Peachtree, (ii) any contracts between Dr. Neuman and LSC/Peachtree, and (iii) LSC/Peachtree Communications with Dr. Neuman in which Dr. Neuman was either the author or a recipient regarding AVS, Phil Loy or any of the individuals listed on Appendix A.

## Peachtree's Response to Request No. 24

Subject to and without waiver of its General Objections, LSC further objects to this category of documents and ESI on grounds that the category is overbroad, unduly vague, unduly burdensome, and not reasonably calculated to lead to

admissible evidence.  LSC's employment of Dr. Neuman is not related to any of the claims asserted by Plaintiffs in this action and is little more than an impermissible fishing expedition.

In addition to the foregoing, Peachtree provided the following "General Objections" to the entire Subpoena:

1.      LSC objects generally to requests for documents and deposition set forth in the Subpoena as violative of Federal Rule of Civil Procedure 45(c)(1), which expressly states that, "[a] party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden and expense on a person that is subject to that subpoena."  The Subpoena served by Plaintiffs purports to require LSC to produce documents and electronically-stored information (ESI) in response to <u>twenty-four (24)</u> broadly-worded categories and to make its representative(s) available for deposition on <u>twenty-four (24)</u> similarly broadly-worded topics.  The production of documents and ESI in response to the Subpoena and submission of LSC's representatives to testify on the topics for which testimony is sought by the Subpoena would impose upon LSC an undue burden and expense in contravention of the directives of Rule 45(c).

2.      Pursuant to Rule 45(d)(1)(D), LSC objects generally to the production

of ESI on grounds that such information is not reasonably accessible because of

undue burden or cost.  Plaintiffs have defined "ESI" broadly to include information

in electronic form contained in "any media or device, including computer hard

drives, disks, CD's DVD's, personal computers, personal digital assistants,

Blackberries (or comparable devices), voice mails, memory sticks, and jump

drives, and includes all backups of such data."  As phrased, this Subpoena purports

to require LSC to search every server, desktop, PDA, Blackberry, disk or storage

media or device of any kind to determine if there are documents responsive to the

twenty-four (24) broadly-worded categories of ESI sought by the Subpoena.

3.      LSC objects generally to this Subpoena as harassing and burdensome.

This Subpoena is duplicative of an identical subpoena issued by Plaintiffs from the

United States District Court for the Southern District of Florida and served upon

LSC at its offices in Florida.  The subpoenas seek the production of the same

documents and ESI at the same date and time (August 13, 2007 at 9:30 a.m.) in

both Florida and Georgia and further to make available LSC's representatives for

deposition on the same topics at the same date and time (August 28, 2007) in both

Florida and Georgia.

AO 1755333.1

4.     LSC further objects generally to this Subpoena as substantially duplicative of a subpoena duces tecum dated December 28, 2006, that Plaintiffs caused to be issued in the arbitration styled *In the matter of the Arbitration Between Life Receivables Trust and Syndicate 102 at Lloyd's of London*, ICDR No. 50-195-T-00372-05 (the "LRT Arbitration"), for which LSC timely asserted detailed objections that have not yet been ruled upon by the arbitration panel.  This Subpoena is little more than an attempt by Plaintiffs to shop for a forum willing to permit Plaintiffs' fishing expedition.

5.     LSC objects to the Subpoena on the grounds that Goshawk is attempting to misuse this Court's subpoena power to obtain documents and other information to which it has no right under the CCI policies.

6.     LSC objects generally to the "Definitions" and "Instructions" sections of the Subpoena to the extent that they purport to impose obligations beyond the requirements of the Federal Rules of Civil Procedure.

7.     LSC objects generally to the "Documents and ESI Subject to Subpoena" section of the Subpoena that seek production of "any," "all," or "any and all" documents to the extent that Plaintiffs purport to require LSC to do more than use reasonable diligence to locate responsive and non-privileged or

24

non-protected documents and ESI based upon an examination of those files that reasonably may be expected to yield such documents or ESI.  As phrased, the Subpoena is vague, ambiguous, unduly burdensome, vexatious and not reasonably calculated to lead to admissible evidence.

8.     LSC objects to the Subpoena to the extent that Plaintiffs purport to require production of documents and ESI that are privileged as attorney-client communications, immune from production as attorney work product, or otherwise immune from production on the basis of any legally-recognized privilege, including without limitation common interest and/or joint defense.  LSC reserves its right under Rule 45 to provide its "description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim," upon this Court's determination of these objections.

9.     LSC objects generally to the Subpoena to the extent that Plaintiffs purport to seek production of LSC's trade secret and/or confidential and proprietary information that may be contained within the Subpoena's broadly-worded, vague and ambiguous categories of documents.  As phrased, the Subpoena may be construed to require production of information that LSC

considers to be its trade secrets or otherwise confidential and proprietary business information.

10.     LSC objects generally to the Subpoena to the extent that Plaintiffs purport to require production of documents and ESI that contains any life insured's "protected health information" as defined in the federal Health Insurance Portability and Accountability Act of 1996 (HIPAA), or which is otherwise protected from disclosure under applicable state or federal law.  Among other things, state law in Georgia, the state in which the action is pending in federal court, restricts the ability of a life settlement provider to disclose to third parties a life insured's medical condition.  *See* O.C.G.A. §33-59-6.  The constitutional right to privacy contained in the Florida Constitution has been similarly found to protect against disclosure of personal information, including information regarding an individual's medical condition.

11.     LSC objects generally to the extent that Plaintiffs purport to request production of documents outside of LSC's possession, custody or control.

12.     LSC objects to the Subpoena under Rule 45 on grounds that, to the extent that any portion of the information sought is discoverable, Plaintiffs have failed to allow reasonable time for compliance.

AO 1755333.1

13.     LSC objects generally to the time period that Plaintiffs purport to cover by the Subpoena, which is from January 1, 1998 to the present, as overbroad, unduly vague and burdensome.

Plaintiffs and Peachtree attempted to meet and confer on these objections and to resolve the issues listed above. Unfortunately, these meet and confer efforts have not resolved the dispute, necessitating the instant motion. As explained in Plaintiffs' accompanying memorandum of law filed in support of this motion to compel, Peachtree's objections have no basis in fact or law and do not outweigh Plaintiffs' right to obtain the information under the Federal Rules of Civil Procedure.

WHEREFORE, Plaintiffs request the Court to enter an Order compelling Peachtree to produce the documents requested in the Subpoena.

A proposed order is filed herewith.

AO 1755333.1

Dated:  September 6, 2007

/s/ Laura J. Stipanowich

Of counsel:
R. Steven Anderson
Edwin A. Oster
Michael J. Levin
Raenu Barod
Barger & Wolen LLP
10 E. 40th Street
40th Floor
New York, New York  10106
(212) 557-2800

John H. Fleming
Ga. Bar No. 263250
Jennifer M. Rubin
Ga. Bar No. 141819
Laura J. Stipanowich
Ga. Bar No. 293031
Sutherland Asbill & Brennan LLP
999 Peachtree Street, N.E.
Atlanta, Georgia 30309-3996
Tel.    404.853.8000
Fax    404.853.8806
john.fleming@sablaw.com
jennifer.rubin@sablaw.com
laura.stipanowich@sablaw.com

*Attorneys for Plaintiffs Goshawk Dedicated Ltd.*
*& Kite Dedicated Ltd.*

AO 1755333.1

**CERTIFICATE OF COMPLIANCE WITH LR 7.1D**

I HEREBY CERTIFY that Plaintiffs' Memorandum of Law in Support of Motion to Compel Production of Documents From Non-Party Life Settlement Corporation d/b/a Peachtree Life Settlements has been prepared in Times New Roman font, 14 point, one of the font and point selections approved by the Court in LR 5.1B.

/s/ Laura J. Stipanowich
Laura J. Stipanowich

# CERTIFICATE OF COMPLIANCE WITH LR 37.1A(1)

This is to certify that Plaintiffs have in good faith conferred with Defendant in an effort to secure the documents requested without court action.

/s/ Laura J. Stipanowich
Laura J. Stipanowich

# CERTIFICATE OF SERVICE

This is to certify that I have this day, September 6, 2007 served the within and foregoing Plaintiffs' Motion to Compel Production of Documents From Non-Party Life Settlement Corporation d/b/a Peachtree Life Settlements, with the Clerk of the Court by first-class mail and by e-mail addressed to the following attorneys of record:

JOHN C. STIVARIUS, JR.
TERESA B. STIVARIUS
415 Prestwick Court
Suite 2700
Alpharetta, GA 30005
jstivarius@ebglaw.com
tbstivarius@ebglaw.com

M. MAXINE HICKS
Epstein Becker & Green, P.C.
945 East Paces Ferry Road, Suite 2700
Atlanta, Georgia 30326-1380
Telephone: (404) 923-9000
Facsimile:  (404) 923-9099
mhicks@ebglaw.com

WILLIAM J. SHEPPARD
Morris, Manning & Martin, LLP
1600 Atlantic Financial Center
3343 Peachtree Road, N.E
Atlanta, Georgia 30326-1044
Email: wjs@mmmlaw.com

Daniel W. Long-Daniels
Amanda S. Thompson
Greenberg Traurig
3290 Northside Parkway, Suite 400
Atlanta, GA 30327
Telephone: (678) 553-2100
Facsimile: (678) 553-2212
thompsona@gtlaw.com
long-danielsd@gtlaw.com

*Attorneys for Defendant*
*American Viatical Services, LLC*

/s/ Laura J. Stipanowich
Laura J. Stipanowich