IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| GOSHAWK DEDICATED LIMITED and KITE DEDICATED LIMITED, | : : : : : | |
| Plaintiffs, | : : | CIVIL ACTION NO. 1:05-CV-2343-RWS |
| v. | : : | |
| AMERICAN VIATICAL SERVICES, LLC, | : : : : | |
| Defendant. | : | |

## **ORDER**

This case comes before the Court on the following discovery motions: (i) Plaintiffs' Motion to Compel Production of Sequel Database [282]; (ii) Defendant's Motion for Order to Show Cause [286]; (iii) Defendant's Motion to Disqualify Attorney Barger & Wolen [295]; and (iv) Plaintiffs' Motion to Compel Production of Documents from Non-Party Life Settlement Corporation [315]. The Court has reviewed the record and enters the following Order.

**I.     Motion to Compel Production of Sequel Database [282]**

Plaintiffs move to compel Defendant to produce the Sequel database, all prior versions of the database, and all available backup copies. The Sequel database is an underwriting database maintained by American Viatical Services, LLC ("AVS"), which contains detailed information about the life expectancy

data AVS used in purchasing life insurance policies, in procuring insurance from Plaintiffs, and in analyzing whether its actuarial data was accurate. Plaintiffs contend that this data is relevant, and thus discoverable, because (1) it comprises the data that AVS used to form the basis of its representation that its LEs have an 85% level of accuracy, (2) it contains the raw data which AVS provided to Plaintiffs for purposes of procuring insurance, and (3) because it is relevant to AVS's defense that its figures were accurate based on assessments made by analysts who have been provided access to the data contained in the Sequel database.

AVS responds that the database contains a significant amount of actuarial data not relevant to this litigation, and that all of the relevant data has already been produced. Moreover, AVS contends that the Sequel Database is "the single greatest asset" owned by AVS, and as such, is a non-discoverable trade secret. AVS contends that the "methodologies, policies, and practices" of its life expectancy evaluations are protected trade secrets and thus should not be subject to discovery.

The problem with AVS's contention is that its methodologies, policies, and practices of conducting life expectancy evaluations are themselves at the center of this litigation. Although the Court is sensitive to AVS's confidentiality concerns, AVS has failed to persuade the Court that its

Confidentiality Order does not adequately address those concerns. Having carefully reviewed the parties filings on this matter, the Court finds that the Sequel Database is highly relevant to the claims and defenses in this litigation. AVS has not come forth with a valid legal basis for resisting its disclosure. Accordingly, Plaintiff's Motion to Compel [282] is **GRANTED**. It is hereby **ORDERED** that AVS shall produce, within eleven (11) days of the entry of this Order, a complete copy of the Sequel Database and a copy of any historical backup copies of the Sequel Database between 1998-2003. All copies of the Sequel Database shall be treated as "Highly Confidential" pursuant to the Court's Confidentiality Order entered on February 12, 2007 [159].

## II.     Defendant's Motion for Order to Show Cause [286]

AVS moves for an Order requiring Plaintiffs to show cause as to why Plaintiffs should not be held in contempt for discovery violations. AVS contends that Plaintiffs are in violation of this Court's Orders of January 8, 2007 [146] and June 15, 2007 [245] because Plaintiffs have failed to timely produce certain documents responsive to Defendant's discovery requests. These documents include (1) Robert Marsello's Notes of Meetings with AVS CEO Phil Loy; (2) documents concerning a payment on a CCI policy relevant to this litigation; (3) documents relating to buy-back negotiations and related materials; (4) business agreements between Plaintiffs and Tyser Special Risks;

AO 72A
(Rev.8/82)

3

and (5) documents indicating requests made to Lloyd's Central Fund.  Finally, Defendant contends that the CCI Policies Plaintiffs have produced to Defendant in an effort to stipulate on a single, complete set are insufficient.  Defendant requests to be permitted an additional four hours of deposition of Mr. Marsello, and Defendant requests an order directing Plaintiffs to show cause as to why they should not be held in contempt of this Court's prior Orders.

Having reviewed the parties' filings, the Court **GRANTS** AVS's request to be permitted four additional hours to depose Mr. Marsello.  Moreover, insofar as AVS seeks clarification that its Order of June 15, 2007, requires the production of "*[a]ll negotiations and documentation* that have *any* relationship to the financial terms of Buy-Back Agreements," not simply those documents explicitly referenced in that portion of its Order, that request is **GRANTED**. (See Order of Jun. 15, 2007 [245] at 3-4 (emphasis added).)  Plaintiffs shall immediately produce any and all documents, notes, draft agreements, and other documentation related to the financial terms of their Buy-Back Agreements. The Court also **FINDS**, however, that Plaintiffs have complied with their obligations under the Court's Order concerning the production of business agreements between Plaintiffs and Tyser Special Risks and the production of documents indicating requests made to Lloyd's Central Fund.

Moreover, the Court has carefully reviewed AVS's Motion, and concludes that it fails to establish by clear and convincing evidence that Plaintiffs violated the Court's prior Orders. See Chairs v. Burgess, 143 F.3d 1432, 1436 (11th Cir. 1998). Accordingly, insofar as Defendant seeks an Order requiring Plaintiffs to show cause as to why they should not be held in contempt, the Motion is **DENIED**.

### III. Defendant's Motion to Disqualify Attorney Barger & Wolen [295]

AVS has also moved to disqualify Barger & Wolen and to censure local counsel Sutherland, Asbill & Brennan for an alleged concurrent representation of Plaintiffs and witnesses Howard Diamant and Steven Mitchell and an alleged promise to pay compensation to non-expert, material witnesses for deposition testimony and preparation for testifying. Since the filing of this Motion, AVS has conceded that there is no legal basis to disqualify or censure opposing counsel in this matter. Yet inexplicably, AVS has failed to withdraw its accusations of impropriety against opposing counsel from the Court's docket.

AVS's Motion is wholly without merit. As stated, in its reply brief AVS "concedes that the evidence before the court is insufficient . . . to warrant disqualification of Barger & Wolen." Moreover, although AVS asserts that "ethical duty" compelled it to assert accusations against opposing counsel, no "ethical duty" supports, much less requires, lawyers to seek disqualification of

opposing counsel on the basis of serious charges of ethical misconduct without conducting a reasonable investigation and acquiring a solid factual foundation before doing so.

Mindful of the fact that certain of the materials the Court has reviewed in reaching these findings and conclusions have been filed under seal pursuant to the protective order entered in this case with the consent of all parties, the Court **FINDS** that the lawyers from Barger & Wolen and Sutherland Asbill & Brennan have acted in accordance with applicable standards of integrity and professionalism in this case and that the accusations against them are wholly without merit. Accordingly, Defendant's Motion to Disqualify Attorney Barger & Wolen is **DENIED**.

### IV. Plaintiffs' Motion to Compel Production of Documents from Non-Party Life Settlement Corporation [315]

Plaintiff moves to compel Non-Party Life Settlement Corporation ("LSC") to respond to a subpoena requesting documents that reflect communications between LSC and AVS and other communications by LSC that relate to AVS's methodologies for calculating LEs. LSC does not contend that the materials AVS seeks are irrelevant, but rather suggests that its participation in discovery in other litigation should excuse any obligation to respond to a subpoena in this litigation. Having carefully reviewed the filings on this matter, the Court finds that Plaintiff's Motion to Compel [315] is due to be

**GRANTED**.  Non-Party Life Settlement Corporation is hereby **ORDERED** to produce, within eleven (11) days of the issuance of this Order, all documents responsive to Plaintiffs' subpoena.  To the extent that there is duplication in the production required of LSC in this case and discovery conducted in the arbitration between Plaintiffs and Life Receivables Trust, LSC may designate those overlapping documents as available for use in this action.

## Conclusion

For the foregoing reasons, Plaintiffs' Motion to Compel Production of Sequel Database [282] is **GRANTED**.  It is hereby **ORDERED** that Defendant shall produce a complete copy of the Sequel Database and a copy of any historical backup copies of the Sequel Database between 1998-2003 within eleven (11) days of the entry of this Order.  All copies of the Sequel Database shall be treated as "Highly Confidential" pursuant to the Court's Confidentiality Order entered on February 12, 2007 [159].

Defendant's Motion for Order to Show Cause [286] is **GRANTED in part and DENIED in part**.  The Court **GRANTS** AVS's request to be permitted four additional hours to depose Mr. Marsello.  Moreover, insofar as AVS seeks clarification that its Order of June 15, 2007, requires the production of "*[a]ll negotiations and documentation* that have *any* relationship to the financial terms of Buy-Back Agreements," not simply those documents

explicitly referenced in that portion of its Order, that request is **GRANTED**. Plaintiffs shall immediately produce any and all documents, notes, draft agreements, and other documentation related to the financial terms of their Buy-Back Agreements. The Court also **FINDS**, however, that Plaintiffs have complied with their obligations under the Court's Order concerning the production of business agreements between Plaintiffs and Tyser Special Risks and the production of documents indicating requests made to Lloyd's Central Fund.  Insofar as Defendant seeks an Order requiring Plaintiffs to show cause as to why they should not be held in contempt, the Motion is **DENIED**.

Defendant's Motion to Disqualify Attorney Barger & Wolen [295] is **DENIED**.   The Court **FINDS** that the lawyers from Barger & Wolen and Sutherland Asbill & Brennan have acted in accordance with applicable standards of integrity and professionalism in this case and that the accusations against them are wholly without merit.

Plaintiffs' Motion to Compel Production of Documents from Non-Party Life Settlement Corporation [315] is **GRANTED**.  Non-Party Life Settlement Corporation is hereby **ORDERED** to produce, within eleven (11) days of the issuance of this Order, all documents responsive to Plaintiffs' subpoena.  To the extent that there is duplication in the production required of LSC in this case

and in the arbitration between Plaintiffs and Life Receivables Trust, LSC may designate those overlapping documents as available for use in this action.

**SO ORDERED** this  5th  day of November, 2007.

*/s/ Richard W. Story*
RICHARD W. STORY
UNITED STATES DISTRICT JUDGE