**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

GOSHAWK DEDICATED : 
LIMITED and KITE : 
DEDICATED LIMITED, : 
 : 
      Plaintiffs, :   CIVIL ACTION NO.
 :   1:05-CV-2343-RWS
    v. : 
 : 
AMERICAN VIATICAL : 
SERVICES, LLC, : 
 : 
      Defendant. : 

## **ORDER**

This case comes before the Court on the following discovery motions: (i) Non-Party Life Settlement Corporation's Motion for Reconsideration / Clarification and For an Extension of Time [358]; (ii) Defendant's Motion to Compel [368]; (iii) Non-Party Life Settlement Corporation's Motion for Costs of Compliance with Subpoena [391]; and Non-Party Life Settlement Corporation's Motion for Sanctions [392]. On July 11, 2008, the Court held a hearing on the above-referenced Motions. After review of the record and with the benefit of oral argument by counsel, the Court enters the following Order.

**I.     Non-Party Life Settlement Corporation's Motion for Reconsideration/Clarification, Motion for Costs of Compliance with Subpoena, and Motion for Sanctions**

Non-Party Life Settlement Corporation ("LSC") moves for reconsideration and clarification of the Court's Order of November 5, 2007, and for an extension of time to respond to the subpoena enforced by the Court in that Order. Specifically, LSC requests the Court to reconsider its Order of November 5, 2007, on the basis of confidentiality concerns raised by LSC concerning a disclosure of certain sensitive business information. LSC also requests that the Court order Plaintiffs to specify the documents of which they seek production in original format and requests that the Court order Plaintiffs to bear the costs of responding to the subpoena. By separate Motions, LSC moves for the costs for compliance with the subpoena and for sanctions against Plaintiffs for seeking an unduly burdensome and costly amount of discovery.

After thorough review, the Court finds that the Court's Confidentiality Order of February 12, 2007 [159], adequately addresses the concerns raised by LSC. The Court hereby orders that any discovery produced under this Order and the Order of November 5, 2007, shall be subject to the Court's Confidentiality Order. Accordingly, insofar as LSC moves for reconsideration of the Court's Order of November 5, 2007, LSC's Motion is **DENIED**.

Insofar as LSC seeks an extension of time to produce the documents at issue in the subpoena, LSC's Motion is **GRANTED in part and DENIED in part** in accordance with the instructions below.

The Court finds that Plaintiffs should bear the reasonable and actual costs of production under the Court's Order of November 5, 2007, as provided by the Court's instructions below. Accordingly, insofar as LSC moves for clarification concerning which party will bear the cost of the production, LSC's Motion for Clarification is **GRANTED**. Because LSC requests substantially similar relief in its Motion for Costs of Compliance with Subpoena, however, that Motion is **DENIED as moot**.

Finally, Non-Party Life Settlement Corporation's Motion for Sanctions is **DENIED** because it is without merit.

The Court **ORDERS** as follows:

1. As it relates to the Court's Order of November 5, 2007, requiring LSC to produce documents that were not produced in a prior arbitration between Plaintiffs and LSC, including but not limited to communications between LSC/Peachtree and AVS and communications between LSC and investors, LSC is ordered to produce those documents pursuant to the subpoena within twenty-one (21) days of the payment of costs as required in Paragraph 4

below.

2. As it relates to the Court's Order of November 5, 2007, requiring LSC to produce documents of which certain copies were produced in the prior arbitration between Plaintiffs and LSC but not in their native format or with Metadata, Plaintiffs are ordered, within ten (10) days of the entry of this Order, to specify with reasonable detail, including by Bates number where practicable, those documents of which Plaintiffs seek reproduction in their original format with Metadata.

3. Within ten (10) days after Plaintiffs provide a complete list pursuant to Paragraph 2, LSC shall file with the Court an estimate of the cost of production of <u>all</u> documents, including the documents subject to production under Paragraph 1 and the documents subject to production under Paragraph 2 above. The cost shall only estimate the direct cost of gathering, copying and transferring the documents to Plaintiffs (*i.e.*, the Trialgraffix cost), and shall not include attorney fees or other costs not typically associated with the act of gathering, copying, and transferring documents.

4. Within ten (10) days after LSC provides an estimate of the cost of production of all documents, Plaintiffs shall pay into the registry of the Court the total sum of money provided in that estimate. If, in light of the projected costs, Plaintiffs wish to limit their request, they may do so and may reduce their payment into the Court registry accordingly.

5. Within twenty-one (21) days after the payment of costs by Plaintiffs into the registry of the Court as required by Paragraph 4 above, LSC is ordered to produce those documents or electronic files to Plaintiffs in their original format with Metadata.

6. Within ten (10) days after the deadline for production of the documents ordered to be produced pursuant to Paragraphs 2 and 5 above, LSC shall file with the Court a bill of the actual costs incurred from the production to Plaintiffs of all documents under this Order. The calculation of the cost shall only include the direct cost of gathering, copying and transferring the documents to Plaintiff (*i.e.*, the Trialgraffix cost), and shall not include attorney fees or other costs not typically associated with the act of gathering, copying, and transferring documents. Within that bill, LSC shall include, for the Court's review, a separate calculation of

the total cost for producing documents under Paragraph 1 above and the total cost for producing documents under Paragraph 2 above.

7. Following LSC's filing of the bill of the actual costs incurred from the production, the Court may appoint an expert to be paid by Plaintiffs and/or LSC to assist the Court in determining whether the costs reported by LSC are reasonable.

8. The Court, after review of the bill of actual costs filed by LSC, shall enter an order directing the Clerk to pay to LSC such sum as the Court finds reasonable and appropriate. In the event that the funds paid by Plaintiffs into the registry of the Court are not sufficient, Plaintiffs shall tender any additional sums due within thirty (30) days of the entry of the Court's Order. In the event that any surplus remains, that sum will be refunded to Plaintiffs by the Clerk.

## II. Defendant's Motion to Compel

Defendant moves to compel discovery from Plaintiffs: (i) requesting to inspect originals of certain documents produced by Plaintiffs during discovery, (ii) requesting unredacted copies of certain documents that have been redacted

by Plaintiffs on the basis of attorney-client privilege, and (iii) to enforce an agreement concerning the authenticity of certain documents during discovery.

As an initial matter, the Court finds that the parties have not met and conferred concerning the third issue—whether Plaintiffs will agree to stipulate to the authenticity of certain documents discussed during the deposition of Howard Diamant. Accordingly, insofar as Defendant seeks an order compelling Plaintiffs to comply with such a stipulation, its Motion to Compel is **DENIED without prejudice**.

Second, the Court has conducted an exhaustive in camera review of the the unredacted versions of the documents that Defendant seeks to compel Plaintiffs to disclose notwithstanding Plaintiffs' assertion of attorney-client privilege. The Court finds that Plaintiffs have met their burden of demonstrating as to most redactions that the attorney-client privilege applies. However, the Court finds that Plaintiffs have failed to meet their burden with respect to certain redactions on the three pages described below. Accordingly, the Court **DIRECTS** Plaintiffs, within ten (10) days of the entry of this Order, to disclose the following to Defendant:

1. All text redacted on the document labeled Bates Number GOS-AVS 126281.

2. All text redacted on the document labeled Bates Number GOS-AVS 126439.

3. The text redacted on the first and second numbered lines on the document labeled Bates Number GOS-AVS 126470.

Finally, as to Defendant's requests for the originals of certain documents, the Court orders as follows.

1. Within twenty-one (21) days of this Order, Plaintiffs shall either produce copies of the following documents in original electronic format or use its best efforts to make available for inspection the originals of these documents, including by requesting access to these documents from the entities in whose possession the documents currently reside:

   a. The minutes of the monthly meetings of the Board of the Plaintiff Syndicates (or Goshawk Syndicate Management Ltd.) from 1997-2005; and

   b. All relevant Contingent Cost Insurance Policies issued by Plaintiffs and the original bordereaux incorporated into the same.

2. Within ten (10) days of this Order, Defendants shall specify with reasonable detail, including by Bates number where practicable,

the following documents for which they seek copies in original format with Metadata:

a. All reports or other documents written or prepared for (or otherwise provided to) Plaintiffs by Howard Diamant or Claims Specialists International;

b. All Lloyd of London's New Central Fund documents, including any and all interim reports to the New Central Fund or the Central Committee;

c. All documents produced from Cavell Management Agency Ltd. ("Cavell") or any other related Cavell entity, including any documents written or otherwise prepared by Robert Marsello; and

d. All documents related to the buy-back agreements (though not the buy-back agreements themselves).

Within twenty-one (21) days after Defendant provides, pursuant to the instructions above, a list specifying the documents of which they seek reproduction, Plaintiffs are ordered to produce those documents or electronic files to Defendants in their original format with Metadata.

3. Within twenty-one (21) days of the entry of this Order, Plaintiffs shall produce to Defendants all documents between Plaintiffs (or any Cavell entity) and Ed Stone or Stone International that are not subject to exclusion on the basis of the attorney-client privilege or the work-product doctrine.

## Conclusion

For the foregoing reasons and consistent with the Court's instructions herein, Non-Party Life Settlement Corporation's Motion for Reconsideration / Clarification and For an Extension of Time [358] is **GRANTED in part and DENIED in part**; (ii) Defendant's Motion to Compel [368] is **GRANTED in part and DENIED in part**; (iii) Non-Party Life Settlement Corporation's Motion for Costs of Compliance with Subpoena [391] is **DENIED as moot**; and Non-Party Life Settlement Corporation's Motion for Sanctions [392] is **DENIED**.

**SO ORDERED** this  23rd  day of July, 2008.

_/s/ Richard W. Story_
RICHARD W. STORY
UNITED STATES DISTRICT JUDGE