# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

GOSHAWK DEDICATED Ltd., et al, :
:
    Plaintiffs, :
: CIVIL ACTION NO.
v. : 1:05-CV-2343-RWS
:
AMERICAN VIATICAL SERVICES, :
LLC, :
:
    Defendant. :

## **ORDER**

This case comes before the Court on Nonparty Life Settlement Corporation's ("LSC") Motion for Appointment of Special Discovery Master [425] and Plaintiffs Goshawk Dedicated Limited and Kite Dedicated Limited's ("Plaintiffs") Cross-Motion for Appointment of a Special Master [434].

On July 23, 2008, this Court entered its Order setting forth the procedure to complete discovery pursuant to the nonparty subpoena served upon LSC. The July 23, 2008 Order sets forth the parties' obligations with respect to the completion of the discovery, the cost-shifting provisions, and timetable for completion of the discovery.

LSC and Plaintiffs have agreed, and the Court has concluded that it would be beneficial to appoint a Special Master, pursuant to FED. R. CIV. P. 53(a), to assist the Court and the parties in determining whether the costs reported by the vendors are reasonable, and whether there are means for achieving desired discovery for less expense and burden than is forecast in current estimates, before the discovery proceeds and the costs are incurred, and before Plaintiffs pay the estimated costs into the Court.

Based upon the foregoing, **IT IS HEREBY ORDERED:**

(A)  A Special Master is hereby appointed to assist the Court and the parties in the completion of discovery in accordance with the Court's July 23, 2008 Order. The Special Master's powers shall be limited to the powers described in this Order.

(B)  The Special Master shall be **Albert M. Pearson III**. His contact information is:

> Moraitakis, Kushel, Pearsons, Gardner LLP
> 3445 Peachtree Road, N.E. Suite 425
> Atlanta, Georgia 30326
> (404) 261-0016 (phone)
> (404) 261-0024 (fax)

(C) Within five (5) days, the Special Master shall file an affidavit disclosing whether there is any grounds for disqualification pursuant to 28 U.S.C. § 455. In the Affidavit, the Special Master shall also disclose if he has had any communications with the parties or the attorneys and their law firms in the past year.

(D) The Special Master's role is to facilitate completion of the discovery in accordance with this Court's July 23, 2008 Order. The Special Master shall oversee the conduct of the document production and ensure that the steps taken are reasonable and calculated to conclude the discovery in an efficient and reasonable manner without subjecting the parties to any unnecessary costs of production.

(E) In fulfilling this role, the Special Master shall gather information from the parties and/or vendors in the manner the Special Master deems most appropriate, including without limitation written submissions, teleconferences, or *ex parte* conferences. The Special Master is empowered to view documents filed under seal and conduct *in camera* review and make recommendations on privilege

3

when appropriate. Plaintiffs and LSC shall extend to the Special Master the same degree of access, information, and cooperation as would be accorded to a judge of this Court.

(F) The Special Master may offer recommendations to the Court as to steps that may be taken to reduce the cost of compliance with the July 23, 2008 Order, and recommendations for resolution of any disputes between the parties as to compliance, estimates, or cost. The Special Master shall file its Report and Recommendation with the Court within forty-five (45) days from the day of acceptance of the designation. In no event shall the Special Master have the authority to expand the parties' obligations or to alter the cost shifting provisions under the July 23, 2008 Order.

(G) Upon filing of the Special Master's Recommendation and Report, the Special Master shall file the record with the Court. The Special Master shall have the authority to designate documents as filed under seal *sua sponte* or upon request of either Plaintiffs or LSC.

(H) The deadline for Plaintiffs to deposit into the Court Registry the total sum of money provided in LSC's estimate shall be extended

until ten (10) days after the Court rules upon the Report and Recommendation of the Special Master.

(I) Plaintiffs shall initially bear the costs of the Special Master. However, the Special Master may recommend a final allocation of costs in accordance with the Court's July 23 Order, which may require LSC to bear a portion of the costs, if appropriate.

## **CONCLUSION**

For the foregoing reasons and consistent with the Court's instructions herein, LSC's Motion for Appointment of Special Discovery Master [425] and Plaintiffs Goshawk Dedicated Limited and Kite Dedicated Limited's Cross-Motion for Appointment of Special Master [438] are both **GRANTED IN PART and DENIED IN PART.**

**SO ORDERED** this  13th  day of November, 2008.

*/s/ Richard W. Story*
RICHARD W. STORY
UNITED STATES DISTRICT JUDGE

5