**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| GOSHAWK DEDICATED LIMITED and KITE DEDICATED LIMITED, | : : : : | |
| Plaintiffs, | : : | CIVIL ACTION NO. 1:05-CV-2343-RWS |
| v. | : : | |
| AMERICAN VIATICAL SERVICES, LLC, | : : : | |
| Defendant. | : | |

## **ORDER**

This case comes before the Court on Defendant's Motion Seeking Compliance [438]. On July 23, 2008, the Court issued an Order detailing a production schedule and resolution of discovery requests posed by Defendant [420]. The scope and method of compliance is now in dispute before the Court.

First, Defendant asserts that Plaintiffs have failed to comply with Paragraph 2 on page 8 of the Court's July 23, 2008 Order.[1] Defendant argues

---

[1] The July 23, 2008 Order states in relevant part:
Within ten (10) days of this Order, Defendants shall specify with reasonable detail, including by Bates number where practicable, the following documents for which they seek copies in original format with Metadata:
 a. All reports or other documents written or prepared for (or otherwise provided to) Plaintiffs by Howard Diamant or Claims Specialists International;

that the Court's Order requires the production of responsive hard-copy as well as electronic documents with the corresponding Metadata. (Dkt. No. [438] at 6.) In contrast, Plaintiffs contend that the Court did not order access to the hard-copy originals for the documents covered by Paragraph 2 of the Order. (Dkt. No. [446] at 7.)

The Court finds that the Defendant's reading of the July 23, 2008 Order is correct. Plaintiffs are ordered to provide access to the originals of the hard copies of the documents identified pursuant to Paragraph 2 on page 8 of the Order. Insofar as the responsive documents are in electronic form, Plaintiff is ordered to produce such documents or files in the original format with Metadata. Defendant's Motion for Compliance [438] as to Paragraph 2 on page 8 of the July 23, 2008 Order is **GRANTED**. Within twenty-one (21) days after

---

b. All Lloyd of London's New Central Fund documents, including any and all interim reports to the New Central Fund or the Central Committee;
c. All documents produced from Cavell Management Agency Ltd. ("Cavell") or any other related Cavell entity, including any documents written or otherwise prepared by Robert Marsello; and
d. All documents related to the buy-back agreements (though not the buy-back agreements themselves).

Within twenty-one (21) days after Defendant provides, pursuant to the instructions above, a list specifying the documents of which they seek reproduction, Plaintiffs are ordered to produce those documents or electronic files to Defendants in their original format with Metadata.
(Dkt. No. [420] at 8.)

2

Defendant provides a list specifying the documents of which they seek reproduction, Plaintiffs are **ORDERED** to produce those hard-copy documents or electronic files to Defendants in their original format with Metadata

Second, Defendant contends that Plaintiffs have failed to comply with Paragraph 1 on page 8 of the July 23, 2008 Order calling for the production of the monthly meetings of the Board of Plaintiff Syndicates and the relevant Contingent Cost Insurance Policies (CCI) issued by Plaintiff. (Dkt. No. [438] at 19; Dkt. No. [420] at ¶¶ 1(a), (b), p.8.)[2] Defendant asserts that despite efforts to resolve the discovery dispute, including affording Plaintiffs thirty (30) additional days in which to comply with the Court's Order, Plaintiffs have failed to produce the requisite documents. Defendant asks the Court to direct

---

[2]The July 23, 2008 Order states in relevant part:
Finally, as to Defendant's requests for the originals of certain documents, the Court orders as follows.
  1. Within twenty-one (21) days of this Order, Plaintiffs shall either produce copies of the following documents in original electronic format or use its best efforts to make available for inspection the originals of these documents, including by requesting access to these documents from the entities in whose possession the documents currently reside:
    a. The minutes of the monthly meetings of the Board of the Plaintiff Syndicates (or Goshawk Syndicate Management Ltd.) from 1997-2005; and
    b. All relevant Contingent Cost Insurance Policies issued by Plaintiffs and the original bordereaux incorporated into the same.
(Dkt No. [420] at 8.)

3

Plaintiffs to demonstrate what efforts have been made in compliance with this provision of the Court's Order or otherwise show cause as to their non-compliance. (Dkt. No. [438] at 21.) In response, Plaintiffs assert that they have produced in original electronic format all responsive documents in their possession and control and have used their best efforts to make available for inspection documents not within their possession or control. (Dkt. No. [446] at 3.) Specifically, Plaintiffs have communicated with Tyser to grant Defendant access to inspect hard copy original CCI Policies and Bordereaux within Tyser's possession and have informed Defendant that the original CCI Policies are available for inspection in London. (Id. at 17.) With respect to the Goshawk Syndicate Management Ltd. (GSML) minutes from monthly meetings, Plaintiffs assert that they produced the native files within their possession and have, to no avail, used their best efforts to obtain the responsive documents from GSML. (Id. at 18.)

The Court's July 23, 3008 Order required the Plaintiffs to use their best efforts to make the requested monthly meeting minutes and CCI Policies available for Defendant's inspection. [420] The Court finds that Plaintiffs have demonstrated a good faith attempt to comply with the Court's Order. Absent a

4

showing by Defendant of a failure on the part of the Plaintiff to meet this standard, the Court declines to require further action. Therefore, Defendant's Motion for Compliance [438] as to Paragraph 1 on page 8 of the July 23, 2008 Order is **DENIED**.

## Conclusion

Based on the Foregoing, Defendant's Motion for Compliance [438] is **GRANTED in part** and **DENIED in part**. The Motion is **GRANTED** as to Paragraph 2 on page 8 of the Court's July 23, 2008 Order. The Motion is **DENIED** as to Paragraph 1 on page 8 of the Court's July 23, 2008 Order.

**SO ORDERED** this __15th__ day of December, 2008.

_____
RICHARD W. STORY
UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)