**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

|  |  |
|---|---|
| GOSHAWK DEDICATED LIMITED and KITE DEDICATED LIMITED, | : <br> : <br> :   CIVIL ACTION NO. <br> :   1:05-CV-2343-RWS |
| Plaintiffs, | : |
| v. | : |
| AMERICAN VIATICAL SERVICES, LLC, | : |
| Defendant. | : |

## **ORDER**

This case comes before the Court on Defendant's Rule 37 Motion Seeking Compliance with the Court's July 23, 2008 Order [462] and Defendant's Motion for Leave to Serve a Subpoena upon Ed Stone and Stone-Related Entities [461]. After a review of the record, the Court enters the following Order.

**I.    Defendant's Rule 37 Motion**

Defendant American Viatical Service, LLC, seeks Plaintiffs' Goshawk Dedicated Ltd. *et al* compliance with this Court's Order dated July 23, 2008 (herein, the "Order") [420].[1]  The Order addresses Defendant's Motion to Compel [368], requesting the inspection of originals of certain documents produced by Plaintiffs during discovery.  Granting the request, the Court directed Plaintiffs as follows:

> Within twenty-one (21) days of the entry of this Order, Plaintiffs shall produce to Defendants all documents between Plaintiffs (or any Cavell entity) and Ed Stone or Stone International that are not subject to exclusion on the basis of the attorney-client privilege or the work-product doctrine.

(See Dkt. No. [420] at 8, 10.)

Defendant's motion initially sought to compel access to the originals of approximately 550 pages of Stone documents not previously produced by Plaintiffs. (Dkt. No. [462] at 4.)  Plaintiffs correctly state that the July 23, 2008

---

[1]To the extent that issue of the production of any *hard-copy* originals of the documents identified in Paragraph 3 on page 10 of the July 23, 2008 Order remains in contention, the Court directs the parties to the reasoning and holding of the December 16, 2008 Order. (Dkt. No. [469] at 2-3.).  Plaintiffs are required to provide Defendant with access to any hard-copies originals of the documents identified in Paragraph 3 on page 10 of the July 23, 2008 Order .

2

Order only directly references documents that had been produced by Plaintiffs during discovery. (Dkt. No. [476] at 4.) The Court declined to rule previously on Defendant's access to documents that had not yet been produced. (Transcript of Proceedings held on July 11, 2008 before Judge Richard W. Story, Dkt. No. [422] at 40-41.) The Court had hoped that the parties would confer and reach an agreement as to the production of any outstanding documents. Seeing that a resolution could not be reached, the Court further clarifies its Order. To the extent that there are "new" subsequent non-privileged documents that are responsive to Defendant's request for production of documents between Plaintiffs (or any Cavell entity) and Ed Stone or Stone International, those documents shall fall within the direction provided by in the Court's July 23, 2008 Order.

Defendant contends for the first time in its reply brief that Plaintiffs have failed to comply with Paragraph 3 on page 10 of the Court's Order; specifically, that Plaintiffs have not properly produced the originals of all documents between Stone and Plaintiffs (or any Cavell entity). ((Dkt. No. [483] at 5.) Plaintiffs did not seek leave from the Court in order to address Defendant's argument through a surreply. Defendant argues that the Order required Plaintiffs to produce the

3

responsive documents as they were kept in the "usual course of business" pursuant to Fed. R. Civ. P. 34(b)(2)(E)(1). (Id.) Defendant argues that Plaintiffs' production of duplicates of the best copies of the documents within their control, custody, and possession falls short of the Order's requirement. (Id.) Rather, Defendant asserts that Plaintiffs must "identify the specific requests for production to which all documents gathered informally from any non-parties, including, but not limited to Stone and the Stone entities, are responsive." (Id. at 7.)

The Court finds the Defendant's logic persuasive. While the party producing "cannot attempt to hide a needle in a haystack by mingling responsive documents with large numbers of nonresponsive documents," the plain language of Rule 34 makes clear that "a responding party has no duty to organize and label the documents if it has produced them as they are kept in the usual course of business." Hagemeyer N. Am., Inc. v. Gateway Data Scis. Corp., 222 F.R.D. 594, 598 (E.D. Wis. 2004); see also Rowlin v. Ala. Dep't of Pub. Safety, 200 F.R.D. 459, 462 (M.D. Ala. 2001) ("[U]nder Rule 34, it is up to the producing party to decide how it will produce its records, provided that the records have not been maintained in bad faith."); cf. FED. R. CIV. P. 34

4

advisory committee note to 1980 amendment (explaining that this provision of Rule 34 was intended to facilitate the discovery of relevant information, and to prevent parties from "deliberately . . . mix[ing] critical documents with others in the hope of obscuring significance."). The Court holds that Plaintiffs must use their best efforts to produce the original Stone documents identified in Paragraph 3 page 10 of the July 23, 2008 Order "as they were kept in the usual course of business... or organize and label them to correspond with the categories in the request." Fed. R. Civ. P. 34(b)(2)(E)(1).

In sum, Defendant's Rule 37 Motion Seeking Compliance with the Court's July 23, 2008 Order [462] is **GRANTED**. Plaintiffs must use their best efforts to produce the original documents between Plaintiffs (or any Cavell entity) and Ed Stone or Stone International that are not subject to exclusion on the basis of the attorney-client privilege or the work-product privilege "as they were kept in the usual course of business... or organize and label them to correspond with the categories in the request." FED. R. CIV. P. 34(b)(2)(E)(1).

**II.     Defendant's Motion for Leave to Serve a Subpoena**

Defendant seeks leave from the scheduling order to serve a third-party subpoena upon third party Ed Stone ("Stone"), Stone International, and/or any

organizationally-related entities [461]. Defendant asserts that the role that Stone played in the events underlying the Plaintiffs' claims create a special circumstance that warrant the leave. (Dkt. No. [461] at 9.) Although Plaintiffs have "routine access to [Stone's] business documents as if they were Plaintiffs' own", the alleged failure to produce such responsive documents necessitates that Defendant secure relevant discovery from Stone directly. (Id. at 7.) Plaintiffs oppose the request for leave as duplicative and burdensome, stating that, "[Defendant] gives no reason to believe that this exercise would produce any additional responsive documents or would likely lead to the discovery of admissible evidence, beyond what [Defendant] has already received from Stone through Plaintiffs." (Dkt. No. [475] at 3.)

Under Rule 16, a "schedule may be modified only for good cause and with the judge's consent." FED. R. CIV. P. 16(b)(4). Given the Court's ruling on Defendant's Rule 37 Motion [462], the Court finds that at this time, Defendant has not shown sufficient cause to warrant leave to serve a third-party subpoena upon Ed Stone and other Stone-related entities. The untimely subpoena appears to seek access to the same documents addressed in Defendant's Rule 37 Motion. Defendants should therefore find relief without the need for a discovery request

propounded through a third-party subpoena. Accordingly, Defendant's Motion for Leave to Serve a Subpoena upon Ed Stone and Stone-Related Entities [461] is **DENIED**.

## Conclusion

For the foregoing reasons, Defendant's Rule 37 Motion Seeking Compliance with the Court's July 23, 2008 Order [462] is **GRANTED**. Defendant's Motion for Leave to Serve a Subpoena upon Ed Stone and Stone-Related Entities [461] is **DENIED**.

**SO ORDERED** this  21st  day of January, 2009.

_____
**RICHARD W. STORY**
United States District Judge

AO 72A
(Rev.8/82)