IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION


| | | |
|---|---|---|
| GOSHAWK DEDICATED LTD., *et al.*, | : | |
| | : | |
| | : | |
| Plaintiffs, | : | |
| | : | CIVIL ACTION NO. |
| v. | : | 1:05-CV-2343-RWS |
| | : | |
| AMERICAN VIATICAL SERVICES, LLC, | : | |
| Defendant. | : | |
| | : | |

## ORDER

This case comes before the Court on: Plaintiffs' Motion to Amend the

Complaint [530]; Non-party Life Settlement Corporation's ("LSC") Motion for

Sanctions [537]; Plaintiffs' Motion for Permission to Use Documents in a

Related Arbitration [549]; Report and Recommendation No. 10 of the Special

Master, Albert M. Pearson III [557]; and non-party LSC's Motion for *In*

*Camera* Review of an Exhibit [568]. After a review of the record, the Court

enters the following Order.

**I. Discussion**

As a preliminary matter, the Plaintiffs and LSC have requested oral argument regarding many of their motions. <u>See</u> Mot. Sanctions, Dkt. No. [537]; Obj. R&R 10, Dkt. No. [565]; Letter from John H. Fleming on behalf of Plaintiffs, Nov. 23, 2010; Letter from Jesus E. Cuza on behalf of LSC, Nov. 24, 2010.  However, this Court finds that the parties and LSC have adequately briefed the issues such that a hearing is unnecessary.  Accordingly, these requests for oral argument are **DENIED**.

<u>A. Motion to Amend</u>

Plaintiffs seek leave of Court to amend their Complaint. <u>See</u> Dkt. No. [530-1]. Plaintiffs' proposed Amended Complaint seeks to withdraw their negligence claims and supplement the factual allegations to "add meat on the bones"–without adding any additional parties, causes of action, or theories of liability.  However, this Court's October 27, 2005 Scheduling Order limited the amendment period to 30 days after the Order, or November 26, 2005. Dkt. No. [11-1] at 6.

When a motion to amend is filed after a scheduling order deadline, Federal Rule of Civil Procedure 16 is the proper guide for determining whether

2

a party's delay may be excused. S. Grouts & Mortars, Inc. v. 3M Co., 575 F.3d 1235, 1241(11th Cir. 2009) (citing Sosa v. Airprint Sys., 133 F.3d 1417, 1418 n.2 (11th Cir. 1998)). A scheduling order may be modified only for good cause and with the Court's consent. FED. R. CIV. P. 16(b)(4).  The key to good cause is diligence.  Sosa, 133 F.3d at 1419.

The Eleventh Circuit has found three factors which warrant consideration when evaluating diligence: "(1) [whether] the plaintiff failed to ascertain facts prior to filing the complaint and to acquire information during the discovery period; (2) [whether] the information supporting the proposed amendment was available to the plaintiff; and (3) even after acquiring information, [whether] the plaintiff delayed in asking for amendment." Auto-Owners Ins. Co. v. Ace Elec. Serv., Inc., 648 F. Supp. 2d 1371, 1375 (M.D. Fla. 2009) (citations omitted).

Additionally, if Plaintiffs survive the Rule 16(b)(4) challenge, they still must satisfy Federal Rule of Civil Procedure 15. Rule 15 directs the Court to "freely give leave when justice so requires." FED. R. CIV. P. 15(a)(2).  Despite an instruction that leave should be freely given when justice so requires, leave to amend is "by no means automatic."  Layfield v. Bill Heard Chevrolet Co., 607 F.2d 1097, 1099 (5th Cir. 1979). The trial court has "extensive discretion"

in deciding whether to grant leave to amend. <u>Campbell v. Emory Clinic</u>, 166 F.3d 1157, 1162 (11th Cir. 1999). A trial court may choose not to allow a party to amend "when the amendment would prejudice the defendant, follows undue delays or is futile." <u>Id.</u> A claim is futile if it cannot withstand a motion to dismiss. <u>Fla. Power & Light Co. v. Allis Chalmers Corp.</u>, 85 F.3d 1514, 1520 (11th Cir. 1996); <u>see</u> <u>Burger King Corp. v. Weaver</u>, 169 F.3d 1310, 1315 (11th Cir. 1999) (futility is another way of saying "inadequacy as a matter of law").

As an initial matter, Defendant does not oppose Plaintiffs' dismissal of Counts Four and Five of the original Complaint–the negligence-based counts.[1] However, it does challenge Plaintiffs' "good cause" to amend the rest of their complaint.  Defendant argues that the Amended Complaint is twice as long and contains "three new allegedly-fraudulent statements" which it argues would not relate back to the time of filing and thus would be barred by the statute of limitations.  Additionally, Defendant claims that the Amended Complaint contains arbitration award findings which, by virtue of disclosure at all, have

---

[1]Defendant appears to request its costs incurred in relation to these causes of action. <u>See</u> Dkt. No. [531] at 2. However, Defendant does not point to any statutory or common law authority for such an imposition.  Therefore, Defendant's request for costs is denied.

prejudiced Defendant before this Court.  Finally, Defendant claims that Plaintiffs have changed their theory of the case and any amendment would require this Court to revisit its prior rulings.

The Court finds that Plaintiffs do have good cause under the scheduling order to amend.  Plaintiffs only learned of these facts through discovery, and while Plaintiffs have waited five years since filing to amend, this discovery has been unduly protracted and is still partially ongoing.  As the discovery delay led to Plaintiffs' delay, the Court finds Plaintiffs' timing proper.  Therefore, Plaintiffs have satisfied their good cause burden under the Scheduling Order.

Further, this Court finds that Plaintiffs' Amended Complaint is proper under Rule 15.  Defendants have failed to point to specific ways in which they will actually be prejudiced–beyond asserting that the Court is human and will be unable to parse inadmissible evidence from the admissible.  However, this is precisely what the Court does in any evidentiary objection.  Moreover, if Defendant feels that these facts, or any others, are improper or are prejudicial, it may employ a motion to strike to remove the offending passages.

Additionally, this Court is not persuaded that Plaintiffs factual assertions or alleged new theory are anything more than "meat on the bones."  The three

5

specific facts–that AVS's life expectancies ("LE's") were free from influence

by settlement providers and assureds; that AVS provided conservative LE's

compared to other providers; and that AVS had extensive medical

resources–relate to Plaintiffs' original Complaint.  Moreover, Defendant does

not specifically point to any of the Court's rulings which would need to be

revisited–vague allegations of prejudice are not enough.  Defendant will still be

able to answer the Amended Complaint and assert any new affirmative defenses

which it deems necessary.  Therefore, Plaintiffs' Motion to Amend [530] is

**GRANTED**.

B. Report & Recommendation No. 10

After reviewing the Report & Recommendation No. 10 [557], and the

Objections [565] and Response [574], the Court finds that its intent in adopting

its July 23rd Order [420] was to exclude all attorneys fees from Plaintiffs' initial

deposit obligations.  This is precisely why the Court wrote that the pre-paid

direct costs "shall not include attorneys fees <u>or</u> other costs not typically

associated with the act of gathering, copying, and transferring documents." <u>Id.</u>

at 4 (emphasis added). However, as the Special Master noted, this exclusion

does not bar LSC from ever seeking these costs; rather, only from seeking them

as a pre-payment to production. See R&R No. 10, Dkt. No. [557] at 8.

Therefore, Report & Recommendation is received with approval and

**ADOPTED** as the Opinion and Order of this Court.  Accordingly, LSC's

Motion for *In Camera* Review [568] is now **MOOT**.

C. Motion to Use in Arbitration and Motion for Sanctions

On May 25, 2010, Goshawk filed an Amended Statement of Claim in a

related arbitration between LSC and Goshawk.  In that statement, Goshawk

quoted from and identified seven confidential documents it had obtained

pursuant to discovery in this case and which it had not received permission to

disclose under this Court's Confidentiality Order.  As a result, LSC has filed a

Motion for Sanctions, seeking a wide range of sanctions including: 1) barring

Goshawk's *pro hac vice* attorneys from serving as Plaintiffs' arbitration

counsel; 2) requiring Plaintiffs' to redact the information from the Statement of

Claim; 3) demanding return of all of the infringing documents to LSC; and 4)

attorney's fees.

In return, Plaintiffs argue that their disclosure was inadvertent and have

officially moved this Court to permit the use of the documents listed in Exhibit

A in the arbitration between LSC and Goshawk.  However, since that motion,

7

Plaintiffs have brought to the Court's attention that all of the requested Exhibit A documents have been officially produced pursuant to the arbitration discovery.  See Letter from John H. Fleming for Plaintiffs, Nov. 23, 2010. Therefore, Plaintiffs' production request is now **MOOT**.

Additionally, Plaintiffs request this Court to authorize an additional production protocol as set out in Exhibit B to Plaintiffs' motion.  However, this Court declines to change the procedures which have previously been set out to preserve confidentiality in this case.  The parties have agreed to come to the Court for authorization and such a procedure should be maintained.  Therefore, Plaintiffs' Motion [549] is **DENIED**.

As to LSC's Motion for Sanctions, the Court finds that Plaintiffs' actions were not as malicious as LSC alleges, especially when the documents were deemed to be discoverable in the underlying arbitration.  However, Plaintiffs did violate the Confidentiality Order.  Therefore, the Court orders Plaintiffs to pay LSC $2500.00 as a sanction for violating the Order.  Plaintiffs' Motion for Sanctions [537] is **GRANTED, in part** and **DENIED, in part**.

8

## III. Conclusion

In sum, Plaintiffs' Motion to Amend the Complaint [530] is **GRANTED**, and  Non-party Life Settlement Corporation's Motion for Sanctions [537] is **GRANTED, in part** and **DENIED, in part**.  Plaintiffs are directed to pay non-party LSC $2500.00 in sanctions.

Further, Plaintiffs' Motion for Permission to Use Documents in a Related Arbitration [549] is **MOOT, in part** and **DENIED, in part**.  Additionally, the Report and Recommendation No. 10 of the Special Master, Albert M. Pearson III [557] is **ADOPTED** as the Order of this Court, and Non-party Life Settlement Corporation's Motion for *In Camera* Review of an Exhibit [568] has been rendered **MOOT**.

**SO ORDERED** this   6th   day of December, 2010.


**RICHARD W. STORY**
United States District Judge

AO 72A
(Rev.8/82)